IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUY NEIGHBORS,

Plaintiff,

v. Case No. 26-2305-JWB

CITY OF LAWRENCE, KANSAS, et al.,

Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants City of Lawrence, Kansas' and Lawrence Police Department's motion to dismiss. (Doc. 5.) Plaintiff did not file a response and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein. Additionally, after this case was removed to federal court, Plaintiff filed an objection to removal. (Doc. 12.) The court construed this as a motion to remand. (Doc. 14.) Defendants City of Lawrence and Lawrence Police Department filed a response. As explained below, Plaintiff's motion is DENIED.[1]

[1] While these motions were pending, Plaintiff filed an objection to the magistrate judge's order denying Plaintiff's prior demand for a settlement conference. (Docs. 16, 13.) Defendants have filed a response. (Doc. 17.) This objection is untimely and is therefore OVERRULED. Plaintiff's objection was mailed on July 17, 2026, (Doc. 16-6), which is 30 days after the entry of the magistrate judge's order. (Doc. 13.) Objections to orders of the magistrate judge must be filed within fourteen days of entry. Fed. R. Civ. P. 72(a). Even if Plaintiff's objection had been timely filed, it would still be overruled as meritless. Plaintiff argues that he never consented to the magistrate judge's exercise of authority. (Doc. 16 at 1.) That is irrelevant. Federal magistrate judges are empowered by 28 U.S.C. § 636(b)(1)(A) to "hear and determine" non-dispositive pretrial matters. D. Kan. R. 72.1.1(c). Consent of the parties is only required where the magistrate judge will enter judgment or decide case-dispositive motions. D. Kan. R. 72.1.1.(h); 28 U.S.C. § 636(c)(1). Plaintiff's further claim that "the two judges are operating a RICO operation where they trick plaintiffs and defendants into thinking they are in a judicial court where the judge will be fair and operate in line with the constitution" is utterly frivolous. (Doc. 16 at 2.) For these reasons, Plaintiff's objections are overruled.

In the heading of his objection, Plaintiff also purports to add the undersigned and the magistrate judge as defendants in this action via a supplemental pleading. (Doc. 16 at 1.) He does not argue this in the body of his filing. (*See generally id.*) In any event, as is explained again herein, supplemental pleadings are only allowed with leave of court.

## I. Facts and Procedural History

Plaintiff first filed this lawsuit in the Douglas County District Court on May 15, 2024. (Doc. 7.) The lawsuit was eventually dismissed for inactivity on March 18, 2026. (*Id.*) On April 29, 2026, the lawsuit was reopened with a supplemental pleading. (*Id.*) Defendants removed the case to this court on May 21, 2026. (Doc. 1.) The following facts are taken from Plaintiff's supplemental pleading. (Doc. 1-1.) The court assumes the truth of well-pleaded facts for the purposes of this order *but is not required* to accept legal conclusions—or legal conclusions couched as factual contentions—as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 877–78 (10th Cir. 2017).

Plaintiff Guy Neighbors claims he is "a natural person who has suffered direct harm to his liberty, property, and legal rights." (Doc. 1-1 at 4.) Defendant City of Lawrence, Kansas, is a city and allegedly "responsible for policies, practices, customs, training, supervision, and discipline of its police department, and is liable for official policies or widespread customs demonstrating deliberate indifference to constitutional rights." (*Id.*) "Defendant Lawrence Police Department is responsible for the enforcement actions described" in Plaintiff's complaint. (*Id.*) Defendant State of Kansas is allegedly "responsible for oversight, enforcement authority, and the legal framework

---

Fed. R. Civ. P. 15(d). Plaintiff has not moved for leave. Therefore, the court will not add the undersigned, the magistrate judge, or defense counsel as defendants.

Additionally, Plaintiff recently emailed the undersigned's chambers threatening suit against opposing counsel and court personnel including the undersigned and the assigned magistrate judge for actions taken in this litigation, with such suit to be filed in state court unless the putative defendants give in to Plaintiff's settlement demands. The undersigned has reviewed the draft petition sent to chambers, finds it devoid of any meaningful factual allegations against any of the parties, and thus altogether frivolous. The undersigned's only actions taken thus far in this case are entering a pro se case management order and striking one miscellaneous filing for failing to comply with that order. (Docs. 4, 11, 14.) The undersigned has reviewed Canon 3(C) of the Code of Conduct for United States Judges, along with other relevant authorities including Committee on Codes of Conduct, *Advisory Opinion No. 103*, Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 185-192 (June 2009), https://www.uscourts.gov/sites/default/files/document/guide-vol02b-ch02.pdf, and concludes that not only is recusal not required, but it would be entirely improper on these facts. Accordingly, Plaintiff's threatened suit, which to the undersigned's knowledge has not even been filed, is no impediment to the court ruling on this motion.

under which the actions described were carried out." (*Id.*) Defendant Eudora Police Department apparently assisted in surveillance of Plaintiff. (*Id.*) Plaintiff also sues 20 John Doe defendants, an Officer Delbert, and unknown Lawrence police officers, supervisors, and policymakers. (*Id.*)

Plaintiff alleges that Defendants have engaged in a "continuous pattern" of legal violations from 2005 to the present day that "culminat[ed] in Plaintiff's arrest, restraint of liberty, and ongoing investigation and surveillance." (*Id.* at 4–5.) Plaintiff claims that Defendants "initiated enforcement actions using search warrants and supporting affidavits containing material irregularities and inconsistencies[.]" (*Id.* at 5.) Defendants allegedly "alter[ed] subpoenas and add[ed] handwritten directives not issued by a judge[.]" (*Id.*)

Plaintiff was purportedly arrested without probable cause and therefore, according to him, Defendants engaged in false arrest. (*Id.*) Defendant Officer Delbert "knew, or should have known that Plaintiff was not the aggressor" in some unexplained altercation where the other party "admitted he threw the first punch." (*Id.*) Plaintiff contends Defendant Delbert arrested Plaintiff "based on unsupported assumptions, racial profiling, and a lack of a lawful foundation." (*Id.*) Plaintiff was thereafter "handcuffed, detained, transported, processed, and jailed after refusing to sign the officer's contract, summons, or citation." (*Id.*) Plaintiff was later charged with assault and battery and then released. (*Id.*) Plaintiff claims he possesses video evidence of his arrest and "ongoing surveillance." (*Id.*)

For this conduct, Plaintiff raises nine claims: violations of his procedural due process, substantive due process, and Fourth Amendment rights; claims of false arrest, interference with judicial process, fraudulent concealment, conspiracy under color of law, municipal liability, and

"lack of subject matter jurisdiction."[2] (*Id.* at 7.) As relief, he seeks a declaratory judgment, injunctive relief, compensatory damages in the amount of $500,000, punitive damages, and costs. (*Id.*)

Plaintiff demanded a settlement conference, which the magistrate judge denied. (*Id.*; Doc. 13.) Finally, Plaintiff demands a hearing. (*Id.*) This request is also denied, as it is within the court's discretion to set a hearing, and the court does not view one as necessary. D. Kan. R. 7.2.

## II. Standard

### A. Motion to Remand

Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999). Yet, before a court undertakes an analysis of subject matter jurisdiction it must assess whether the removing party has met its burden to show that removal is proper. *Christensen v. BNSF Railway Co.*, 242 F.Supp.3d 1186, 1189 (D. Kan. 2017) (citing *Baby C v. Price*, 138 Fed.Appx. 81, 83 (10th Cir. 2005)). Removal is only proper if the removing party has complied with certain procedural requirements, *id.*, including timeliness, 28 U.S.C. § 1446(b)(1), and in the case of multiple defendants, unanimity. *Id.* at (b)(2)(A). If a court determines that removal was improper, and a motion to remand is timely filed, then remand is appropriate. *See Bointy v. Allstate*

[2] While it is not 100% clear because Plaintiff does not specify under what authority he brings each and every claim, the court construes all of Plaintiff's claims as arising under 42 U.S.C. § 1983. The court does so because he references § 1983 in some of his claims and does not identify any other authority for others.

*Vehicle and Prop. Insur. Co.*, No. CIV-22-872, 2022 WL 22805186 at *1 (W.D. Okla. Nov. 28, 2022).

### B. Motion to Dismiss

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Given Plaintiff's pro se status, the court construes the pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

## III. Analysis

### A. Motion to Remand

Plaintiff objects to Defendants' removal of this action to federal court. (Doc. 12 at 2.) He claims that he "never consented" to the removal. (*Id.*) He argues "the proceedings being imposed are administrative in nature and not lawful, constitutional, or judicial proceedings." (*Id.*) Plaintiff's motion then veers into his substantive factual allegations and the court declines to recanvas those allegations here. Plaintiff also attached a new supplemental pleading to his motion, and purports to add defense counsel as a named defendant in this action. This is wildly improper, but moreover, supplemental pleadings that add new claims or defendants relating to facts after the events of the complaint require the court's leave. Fed. R. Civ. P. 15(d). Plaintiff has not so moved.

More to the point, Plaintiff's "objections" to removal are meritless. As Defendants clearly explain in their response, Plaintiff's claims are brought under 42 U.S.C. § 1983, which is a federal statute and therefore provides this court with federal question jurisdiction. (Doc. 15 at 3.) 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court likewise agrees with Defendants that if any of Plaintiff's claims are based on state law, this court has supplemental jurisdiction under 28 U.S.C. § 1367(a). *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010). Plaintiff's claims involve the same set of facts.

Plaintiff is under the misimpression that he must consent to removal. This is incorrect. *Dickerson v. Bank of America, N.A.*, No. 11-CV-4471-MHS, 2012 WL 13013989, at *3 (N.D. Ga. Mar. 27, 2012). Defendants alone have the power to remove a case to federal court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, *any* civil action brought in a State court of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added). Defendants have timely and lawfully exercised their right to remove the lawsuit to this court. 28 U.S.C. § 1446(b) gives Defendants 30 days from service to remove a case to federal court. Defendants were served on May 12, 2026. (Doc. 15-1 at 40.) The case was removed nine days later. (Doc. 1.) Therefore, removal is timely. Additionally, 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added). That has occurred here. Only Defendant City of Lawrence has been served. (Doc. 15-1 at 1.) As Defendant explains, Defendant Lawrence Police Department is not a separate legal entity. (*See* Doc. 15 at 4, n. 3) (citing *Camick v. Wattley*, No. 13-CV-2361-

JAR, 2013 WL 6384820, at *7 (D. Kan. Dec. 5, 2013) ("[A] subunit of city government is not itself a governmental entity that is subject to suit.")). Additionally, as one might expect, unknown Defendants need not consent to removal. *Settle v. Diversified Consultants, Inc.*, No. 13-CV-2606-EFM, 2014 WL 1607589, at *2 (D. Kan. Apr. 22, 2014) ("[E]xceptions exist for the non joinder of nominal, unknown, unserved or fraudulently joined defendants. Such defendants need not join in or consent to removal.") (internal quotation marks and citations omitted).

Accordingly, Defendants' removal is proper, and Plaintiff's motion to remand is denied. (Doc. 12.)

**B. Motion to Dismiss**

Having assured itself of jurisdiction, the court moves to address the merits of Defendants' motion to dismiss. First, as explained above, the Lawrence Police Department is not a separate legal entity from the City of Lawrence, and therefore it is dismissed from this lawsuit in its entirety.

Second, Plaintiff raises his § 1983 claims in a general, collective, and non-specific way.[3] This is impermissible under Rule 8 of the Federal Rules of Civil Procedure, and runs afoul of clear Tenth Circuit instructions that § 1983 claims require specific facts. Fed. R. Civ. P. 8(a)(2); *Kansas Penn Gaming, L.L.C. v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) ("'The *Twombly* standard may have greater bite' in the context of a § 1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.' '[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done

[3] As noted above, the court construes all of Plaintiff's claim as arising under § 1983. Still, even if the court did construe some of Plaintiff's claims as state law claims, they would be subject to dismissal (at least as to Defendants City of Lawrence and the Lawrence Police Department) for the same reason, a lack of compliance with Rule 8. Plaintiff does not plead facts at all tying Defendants to the elements of the claims he brings. *Henard v. City of Lakewood*, No. 23-CV-287, 2023 WL 11884017, at *2 (D. Colo. Apr. 26, 2023), *report and recommendation adopted*, 2023 WL 11884020 (D. Colo. May 18, 2023) ("Plaintiff fails to provide a clear and concise statement of his claim or claims, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights.").

*what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'") (emphasis in original) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)). For this reason alone, Plaintiff's claims against Defendant City of Lawrence must be dismissed.

But even if the court were to look past this pleading insufficiency, Plaintiff's complaint overlooks the fact that municipalities can only be liable under § 1983 when they promulgate an unconstitutional policy. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff makes only passing remarks at such a policy in his complaint, stating that "Defendants acted jointly and in concert under color of law, supported by failures in training, supervision, and discipline." (Doc. 1-1 at 6.) He also says that "Defendant maintained policies allowing misconduct." (Doc. 1-1 at 7.) These generic statements, devoid of any supporting factual matter, are wholly inadequate to support a *Monell* claim. *Bryson v. City of Oklahoma City, Oklahoma*, 627 F.3d 784, 788 (10th Cir. 2010) ("A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.").

Plaintiff has not pled facts supporting the existence of either a policy or custom nor the causal link to his alleged injuries. *See Lucas v. Turn Key Health Clinics, L.L.C.*, 58 F.4th 1127,

1145 (10th Cir. 2023) (quoting *Crowson v. Washington Cty. State of Utah*, 983 F.3d 1166, 1184 (10th Cir. 2020)) (explaining that either a formalized policy or a widespread practice can support a *Monell* claim).[4] Plaintiff's facts mainly concern one event where he was arrested. This is not sufficient to demonstrate an unconstitutional policy or custom. Conclusory allegations about other "police misconduct" going back years, without more, cannot support the existence of an unconstitutional policy or the causation tying such policy to Plaintiff's alleged injuries. (Doc. 1-1 at 4.)

The same flaw dooms Plaintiff's conspiracy claim. His factual allegations simply lack the details necessary to plead a conspiracy claim through § 1983. He has not pled facts that tend to show "specific facts showing an agreement and concerted actions among defendants, an agreement upon a common, unconstitutional goal, and concerted action to advance that goal." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (cleaned up, internal citations and quotation marks omitted). Plaintiffs' facts do not even show that there was an "underlying constitutional deprivation", as required. *Id.*

For these additional reasons, Plaintiff's claims against Defendant City of Lawrence fail.

## IV. Conclusion

For the foregoing reasons, Defendants City of Lawrence, Kansas' and Lawrence Police Department's motion to dismiss is GRANTED without prejudice. (Doc. 5.)

[4] Defendants also argue against a "failure to train" *Monell* claim. (Doc. 6 at 8.) The court does not detect any facts that support a failure to train claim. As the Supreme Court has explained, this is a "nebulous" flavor of claim of the "most tenuous" kind because it is "a good deal further removed from the constitutional violation." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985) (plurality opinion)) (internal quotation marks omitted). As the Tenth Circuit has explained, "[a] municipality can be liable where 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 773 (10th Cir. 2013) (quoting *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). As noted above, the facts Plaintiff does plead principally surround one event (with little detail). The paucity of the allegations cannot evidence the existence of an unconstitutional policy, the causation of Plaintiff's alleged injuries, or the deliberate indifference required to hold Defendant City of Lawrence liable.

IT IS SO ORDERED. Dated this 17th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE