IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUY NEIGHBORS,

Plaintiff,

v. Case No. 26-2305-JWB

CITY OF LAWRENCE, KANSAS, et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Angel D. Mitchell's report and recommendation ("R&R") which recommends dismissal of this action for failure to timely serve. (Doc. 5.) Plaintiff has not objected to the R&R and the time to do so has now passed. For the reasons stated herein, the court ADOPTS the R&R. This action is DISMISSED WITHOUT PREJUDICE.

**I. Facts and Procedural Background**

On May 14, 2024, Plaintiff Guy Neighbors filed a pro se complaint in state court against the City of Lawrence, Kansas, and several other Defendants, alleging false arrest in violation of the Civil Rights Act of 1871, violations of the Little Tucker Act and 42 U.S.C. § 1983, and conspiracy. (Doc. 1-2.) The complaint was removed to this court on May 21, 2026. (Doc. 1.)

On August 17, 2026, the court granted Defendants City of Lawrence, Kansas' and Lawrence Police Department's motion to dismiss for failure to state a claim. (Doc. 18.) Then, on September 2, 2026, the court ordered Mr. Neighbors to show cause in writing by September 16, 2026, why the court should not dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 19.) The court noted that no other Defendant had been served before

the action was removed and that the 90-day period after removal to perfect service on remaining Defendants had lapsed. (*Id.*) Mr. Neighbors did not respond to the show-cause order by the September 16, 2026, deadline.

**II. Standard**

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Neighbors was informed that he must object to the R&R within 14 days and he has not done so. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

**III. Analysis**

Magistrate Judge Mitchell recommends dismissal of Mr. Neighbors's complaint on the basis that Mr. Neighbors has neither served process on remaining Defendants nor responded to the show-cause order. (Doc. 20.) Magistrate Judge Mitchell issued an R&R recommending dismissal for failure to timely serve. (Doc. 20.) The R&R was sent to Mr. Neighbors by regular and certified mail on September 18, 2026, and returned to the court on October 26, 2026, as unclaimed mail. (Docs. 20–21.) After review, the court finds that dismissal without prejudice for failure to timely serve is warranted.

Federal Rule of Civil Procedure 41(b) authorizes the court to involuntarily dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to

permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). Although a dismissal with prejudice requires the court to address the factors under *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), "a district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b)." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 n.10 (10th Cir. 2007) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)). Here, dismissal without prejudice is warranted.

## IV. Conclusion

Accordingly, the court ADOPTS the R&R and DISMISSES WITHOUT PREJUDICE Mr. Neighbors's complaint for failure to timely serve.

IT IS SO ORDERED. Dated this 2nd day of November, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE